UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Robert Earl Goins, ) | Civil Action No.: 4:16-cv-01949-RBH |
| ) | Crim. No.: 4:12-cr-00669-RBH-3 |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on Petitioner's [ECF No. 560] pro se motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner asserts three grounds and claims that: 1) ground one - trial counsel was ineffective for providing bad advice with respect to the plea agreement and guilty plea; 2) ground two - trial counsel was ineffective for failing to challenge the sufficiency of the factual basis for the guilty plea; and 3) ground three - trial counsel was ineffective for failing to object to his career offender designation under the Sentencing Guidelines. Also pending is Petitioner's [ECF No. 627] motion to amend his § 2255 motion to vacate.

On November 30, 2016, the government filed a response and motion to dismiss arguing that each of Petitioner's claims were without merit. On January 18, 2017, Assistant Federal Public Defender Mike Meetze filed a response in opposition to the government's motion to dismiss and addressed the limited issue of whether or not Petitioner's Rule 11(c)(1)(C) plea agreement was based on the sentencing guidelines. Petitioner then filed a pro se response in opposition to the government's motion to dismiss and addressed the ineffective assistance of counsel claims. For the reasons stated below, the Court grants the government's motion to dismiss, dismisses Petitioner's motion to vacate, and dismisses this case with prejudice.

**Procedural History**

On August 28, 2012, Petitioner was indicted for conspiracy to possess with intent to distribute and distribution of 5 kilograms or more of cocaine, 280 grams or more of crack cocaine, and a quantity of marijuana. Petitioner was also named in three substantive counts charging possession with intent to distribute and distribution of a quantity of cocaine base.

On February 8, 2013, an information to establish prior conviction was filed pursuant to 21 U.S.C. § 851.

On July 8, 2013, Petitioner pled guilty, pursuant to a Rule 11(c)(1)(C) plea agreement, to conspiracy to distribute a quantity of cocaine and cocaine base in violation of 21 U.S.C. § 846. The plea agreement provided for a stipulated sentence of 132 months imprisonment. The presentence investigation report ("PSR") prepared by the U.S. Probation Office determined that Petitioner was a career offender under U.S.S.G. § 4B1.1. Petitioner's resulting guideline range was 188 to 235 months in prison.

A sentencing hearing was held on November 20, 2012, at which the Court accepted the Rule 11(c)(1)(C) plea agreement and sentenced Petitioner to 132 months in prison. The judgment was entered on November 22, 2013.

Petitioner filed an untimely notice of appeal on January 23, 2014. On August 18, 2014, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and held that it lacked jurisdiction to review Petitioner's sentence. The mandate and judgment were entered on September 29, 2014.

On June 15, 2015, the United States Supreme Court denied Petitioner's petition for writ of certiorari.

Petitioner filed the instant motion to vacate under 28 U.S.C. § 2255 on June 14, 2016.

## Applicable Law

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' (internal citation omitted). For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. (internal citations omitted) Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'". *Stone v. Powell*, 428 U.S. 465, n. 10 (1976); *see also United States v. Boyd*, No. 02-6242, 2002 WL 1932522, at *1 (4th Cir Aug. 22, 2002) ("Non-constitutional claims that could have been raised on direct appeal . . . may not be raised in a collateral proceeding under § 2255.").

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Constitution. amend VI. The United States Supreme Court has interpreted the Sixth Amendment to require that counsel be effective. *Strickland v. Washington*, 466 U.S. 668, 686, (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to prevail on an ineffective assistance claim, petitioner must satisfy

the two-prong test of *Strickland* that (1) his "counsel's representation fell below an objective standard of reasonableness," *id*. at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id.* at 697.

In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id.*

Regarding "deficient performance," a court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689. While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be deemed ineffective or deficient if he fails to raise a defense which is "very weak". *Smith v. State of South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, a court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id.* A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

**Discussion**

Ground One

In ground one, Petitioner claims that trial counsel was ineffective for providing bad advice/misinformation with regard to the plea agreement and guilty plea. Petitioner states that trial counsel provided bad legal advice and misinformation when he informed Petitioner that, if he went to trial, he would receive a potential life sentence based on count one of the indictment. This claim is without merit.

Petitioner was charged with participation in a drug conspiracy involving possession with intent to distribute 5 kilograms or more of cocaine, 280 grams or more of crack cocaine, and a quantity of marijuana. Petitioner also was subject to a § 851 enhancement. Pursuant to 21 U.S.C. § 841(b)(1)(A)(ii) & (iii), a defendant with a prior conviction for a felony drug offense who is found guilty of distributing or possessing with intent to distribute 5 kilograms or more of cocaine or 280 grams or more of crack cocaine faces a statutory sentencing range of imprisonment which may not be less than 20 years and not more than life imprisonment. Therefore, trial counsel was correct when he informed Petitioner that he faced a potential sentence of life imprisonment if he went to trial on the conspiracy count charged in the indictment.

Petitioner also appears to argue that the plea agreement incorrectly failed to reflect that he agreed to plead guilty to a quantity of marijuana rather than a quantity of cocaine and cocaine base. Petitioner maintains he pled to the lesser included offense of conspiracy to distribute a quantity of marijuana. However, the plea agreement and plea colloquy indicate that Petitioner knowingly and voluntarily pled guilty to the lesser included offense of conspiracy to distribute a quantity of cocaine and a quantity of cocaine base.

"[A] defendant's solemn declarations in open court affirming [a plea] agreement ... carry a strong presumption of verity." *United States v. Lemaster*, 403 F3d. 216, 221 (4th Cir. 2005) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74). Courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir.2003). In the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. *Lemaster*, 403 F.3d at 221. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated-"permit[ting] quick disposition of baseless collateral attacks." *Blackledge*, 431 U.S. at 79 n. 19.

Petitioner has failed to demonstrate either constitutionally deficient performance by trial counsel or resulting prejudice with regard to the plea agreement or plea colloquy. Petitioner's sworn statements during the plea colloquy conclusively establish that Petitioner knowingly and voluntarily pled guilty to a conspiracy involving a quantity of crack and powder cocaine. Nowhere in the plea colloquy or in his plea agreement is there an indication that Petitioner was pleading to a quantity of marijuana. The Court ensured that Petitioner understood both the charge to which he was pleading and the potential penalties. Petitioner has not shown that trial counsel provided bad advice or misinformation as to the potential sentence faced by Petitioner or potential sentence on the lesser included charge to which Petitioner pled guilty. Petitioner is not entitled to relief on ground one.

Ground Two

In ground two, Petitioner claims that trial counsel was ineffective for failing to challenge the factual basis for his guilty plea. Petitioner argues that the factual basis does not show that Petitioner

had an agreement to distribute drugs as required to establish a conspiracy. Petitioner also argues the threshold drug amount of 5 kilograms of cocaine and 280 grams of cocaine base was not established.

      At the plea hearing, the government set forth the factual basis for the plea as follows:

> Mr. Brigman and [Petitioner] were involved in a conspiracy to distribute crack and powder cocaine in the McColl area of Marlboro County. The earliest that the specific conspiracy was ongoing was beginning around 1996, sometime in that period, up to the date of the indictment.
>
> Mr. Brigman and [Petitioner] were involved in the actual sale of crack and powder cocaine . . .
>
> [Petitioner] was also involved in the sale of a small amount of crack cocaine in one of the counts of the indictment. He also allowed his residence to be used for the sale of crack and powder cocaine...
>
> [Petitioner] was involved in smaller quantities. And he would oftentimes be paid in the form of crack cocaine. He was using it as well . . .
>
> [Petitioner] is being held accountable for a quantity of cocaine base in the conspiracy.

[Plea hearing, ECF No. 337 at 49-50].

      Petitioner then agreed with the prosecutor's summary and indicated that he was, in fact, guilty of the offense to which he was pleading guilty. *Id*. at 50.

      Petitioner pled guilty to conspiracy to distribute a quantity of cocaine and crack cocaine. The factual basis for the plea was set forth in sufficient detail and Petitioner agreed with the factual basis and admitted that he was guilty of the conspiracy involving a quantity of crack and powder cocaine. Further, as noted by the government, the Court may also rely on the presentence

-7-

investigation report to support a guilty plea. *See United States v. Martinez*, 277 F.3d 517, 532 (4th Cir. 2002); *United States v. Smith*, 160 F.3d 117, 121 (2d Cir.1998) ("[The court] may look to answers provided by counsel for the defense and government, the presentence report ... so long as the factual basis is put on the record."); *United States v. Graves*, 106 F.3d 342, 345 (10th Cir.1997) ("[W]e note that under Rule 11(f), a court may also satisfy the factual basis requirement by examining the presentence report.").. Even assuming the plea colloquy was deficient with regard to the factual basis, Petitioner's presentence report more than adequately established the factual basis for Petitioner's guilty plea to a conspiracy involving a quantity of crack and powder cocaine.

Petitioner has failed to demonstrate that trial counsel rendered deficient performance for not objecting to the factual basis for the guilty plea. Petitioner has also failed to demonstrate prejudice because he has not shown a reasonable probability that, but for trial counsel's alleged errors, he would not have pled guilty and insisted on going to trial. *See Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). Petitioner is not entitled to relief on ground two.

Ground Three

In ground three, Petitioner argues that trial counsel was ineffective for failing to object to his career offender designation. Petitioner was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement, which provided for a sentence of 132 months - well below the career offender guideline range. Petitioner argues that his Rule 11(c)(1)(C) plea agreement was based on the guidelines and that if he were sentenced today, he would not be classified as a career offender.

A Rule 11(c)(1)(C) plea agreement may stipulate that "a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply[.]" Fed.R.Crim.P.

11(c)(1)(C). "[S]uch a recommendation or request binds the court once the court accepts the plea agreement." *Id*. The Fourth Circuit has consistently held that where a sentence is imposed pursuant to a Rule 11(c)(1)(C) plea agreement, the sentence is contractual and not based on the guidelines. *United States v. Williams*, 811 F.3d 621, 623 (4th Cir. 2016); *United States v. Febrez*, 391 Fed. Appx. 329 (4th Cir. 2010); *United States v. Bethea*, 369 Fed.Appx. 485, 486 (4th Cir. 2010); *United States v. Zelazurro*, 420 Fed. Appx 249 (4th Cir. Apr. 4, 2011). Because Petitioner's sentence was contractual and not based on the sentencing guidelines, Petitioner cannot establish constitutionally deficient performance or resulting prejudice from trial counsel's failure to object to Petitioner's career offender designation. Petitioner's career offender designation had no impact on his sentence.

Even if Petitioner's Rule 11(c)(1)(C) plea agreement was based on the guidelines and his career offender designation affected his sentence, Petitioner would not be entitled to relief from his career offender designation in the wake of *Johnson* because *Johnson* does not apply to the career offender designations under the sentencing guidelines. *See Beckles v. United States*, 137 S. Ct. 886 (2017) (holding the sentencing guidelines are not subject to a vagueness challenge under the Due Process Clause and the residual clause found in former § 4B1.2(a)(2) of the sentencing guidelines is not void-for-vagueness).

Additionally, trial counsel cannot be deemed to be ineffective for failing to anticipate future changes in Supreme Court or circuit court case law. *Johnson* and *Gardner* were both decided after Petitioner was sentenced. Petitioner was properly determined to be a career offender under the law that was in effect at the time of his sentencing.

Finally, to the extent Petitioner attempts to seek relief on the basis of a subsequently nullified career offender designation, such guideline errors are not cognizable on collateral review.

*United States v. Foote*, 784 F.3d 931, 940 (4th Cir. 2015) ( holding a § 2255 motion to vacate that was based on a subsequently-nullified career offender designation was not a fundamental defect, as required to challenge a sentence on a motion to vacate).

For the foregoing reasons, Petitioner's motion to vacate under 28 U.S.C. § 2255 is due to be dismissed.

Motion to Amend

Petitioner filed a motion to amend to add a claim for relief pursuant to Amendment 794 to the sentencing guidelines. Amendment 794, which became effective on November 1, 2015, revised the commentary to U.S.S.G. § 3B1.2 (mitigating role adjustments) and clarified the criteria regarding a defendant's eligibility for a mitigating role adjustment. The Amendment is not retroactive on collateral review. Only those amendments listed in § 1B1.10 are retroactively applicable to provide a reduction in term of imprisonment, pursuant to a proceeding under 18 U.S.C. § 3582(c). See U.S.S.G. § 1B1.10(a)(1) & (d). Amendment 794 is not listed in § 1B1.10(d). Because Amendment 794 is not retroactive on collateral review, Petitioner's motion to amend is futile and denied.

**Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is

debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

### **Conclusion**

For the reasons stated above, the government's [ECF No. 633] motion to dismiss is **GRANTED** and Petitioner's [ECF No. 560] motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**. Petitioner's [ECF No. 627] motion to amend his § 2255 motion to vacate is **DENIED**. Petitioner's [ECF No. 563] motion for transcripts is **DENIED** and/or **MOOT**.

**IT IS SO ORDERED**.

October 31, 2017  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge